

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00030-CV
_____

IN THE INTEREST OF I.D., A CHILD

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2020-621-CCL2

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

After Mother admitted that she was using Vicodin, marihuana, and methamphetamine and that she had slapped her two-year-old son, B.B.,[1] while under the influence of methamphetamine, the Department of Family and Protective Services sought to establish a safety plan that would allow Mother to go to rehabilitation. Mother identified Cherise and Frank Young as the persons with whom she wanted B.B. to stay while she went to rehabilitation. When Mother failed to go to the agreed treatment center and the Department lost contact with her, the Department confirmed that the Youngs would care for B.B. and removed him from Mother's care. About one year later, while this case was pending, Mother gave birth to I.D., who was also removed from Mother's care after she admitted to using methamphetamine during her pregnancy.[2] I.D. was also placed with the Youngs. After a final hearing, the trial court appointed the Youngs sole managing conservators of B.B. and I.D. and appointed Mother possessory conservator of the children.[3]

In its final order in this case, the trial court found that the appointment of a parent or both parents as managing conservators of I.D. would not be in the child's best interest because the

---

[1]We refer to the minor children by their initials and to their parents by pseudonyms. *See* TEX. R. APP. P. 9.8.

[2]Mother tested positive for methamphetamine three times while pregnant with I.D., who was born on March 31, 2020.

[3]Mother was appointed possessory conservator of B.B. in the trial court's cause number 2019-698-CCL2, which is on appeal under our cause number 06-22-00029-CV. She was appointed possessory conservator of I.D. in the trial court's cause number 2020-621-CCL2, which is on appeal in this case. The two cases were consolidated for trial.

appointment would significantly impair I.D.'s physical health or emotional development.[4] *See* TEX. FAM. CODE ANN. § 153.131(a). Instead, the trial court appointed the Youngs permanent managing conservators of I.D., with the rights and duties specified in Section 153.371 of the Texas Family Code. Section 153.371 provides that, "[u]nless limited by court order . . . a nonparent . . . appointed as a managing conservator of the child has . . . (10) the right to designate the primary residence of the child." TEX. FAM. CODE ANN. § 153.371(10) (Supp.). The trial court's order did not limit the Youngs' right to designate I.D.'s primary residence. The final order also appointed Mother possessory conservator of I.D. and entered an order regarding her possession of and access to the child. In addition, the final order terminated the parental rights of the alleged father, D.E., to the child, found that D.E. had executed a valid waiver of interest in the child, and found that termination of D.E.'s parental rights was in the best interest of I.D.

In her appeal in this case, Mother complains of the final order appointing her possessory conservator of I.D. In her second and third issues, Mother asserts that (1) the evidence is legally and factually insufficient to support the trial court awarding the Youngs the right to establish the residence of I.D. without imposing a geographical restriction and (2) the trial court abused its discretion by excluding the testimony of Mother's expert witness. These issues are identical to the issues addressed in our opinion issued this day in *In the Interest of B.B., a Child*, cause

---

[4]Mother does not challenge this finding. To the extent Mother's brief could be construed to challenge the trial court's failure to appoint her managing conservator of I.D., we find that she has waived this issue because her brief does not contain citations to appropriate legal authority and does not contain a clear and concise argument applying such authorities to the facts of this case. *See* TEX. R. APP. P. 38.1(i). "[A] point of error not adequately supported by either argument or authorities is waived." *In re A.B.*, 646 S.W.3d 83, 96 (Tex. App.—Texarkana 2022, pet. denied) (quoting *In re N.L.G.*, No. 06-06-00066-CV, 2006 WL 3626956, at *2 (Tex. App.—Texarkana Dec. 14, 2006, pet. denied) (mem. op.)).

number 06-22-00029-CV, and for the reasons stated therein, we likewise overrule these issues in this case.

Mother also asserts that there is factually insufficient evidence to support the trial court's finding that termination of D.E.'s parental rights was in the best interest of I.D.[5] Because Mother lacks standing to challenge the termination of D.E.'s parental rights and because we overrule her other issues, we will affirm the trial court's judgment.

## I. Procedural Background

After genetic testing eliminated one man as the possible father of I.D., Mother identified D.E. as his father, and the Department filed a first amended petition seeking, inter alia, the determination of the parentage of D.E. through genetic testing and termination of D.E.'s parental rights to I.D. D.E. filed a pro se answer denying parentage and agreeing to genetic testing. In the first amended petition, a third man was also alleged to be the father of I.D., but genetic testing also eliminated him as I.D.'s father, and he was dismissed from the case. The Department then filed a second amended petition that alleged D.E. was the father of I.D. and sought the termination of Mother's and D.E.'s parental rights to I.D. Although the trial court entered an order for the genetic testing of D.E. to determine his parentage of I.D., the testing had not been performed at the time of the final hearing.

Apparently, at the final permanency hearing before final hearing, the Department orally represented that the Department had changed its primary goal from termination to conservatorship. Although the Department pointed out before the final hearing that its pleadings

---

[5] D.E. did not appeal the termination of his parental rights.

4

on file sought termination and that conservatorship was a concurrent goal, the trial court limited the proceeding to a conservatorship. Nevertheless, at the beginning of the third day of trial, D.E.'s attorney announced that his client had executed an affidavit of waiver of interest in the child and that he would like the court to terminate his parental rights.[6] The trial court accepted the affidavit of waiver of interest and found that it was in the best interest of the child. In its final order, the trial court terminated the parental rights of D.E. and found that termination was in the best interest of I.D. *See* TEX. FAM. CODE ANN. § 161.204 (authorizing termination of the parental rights of "a man who has signed an affidavit of waiver of interest in the child, if the termination is in the best interest of the child").

## II. Mother Lacks Standing to Challenge the Termination of D.E.'s Parental Rights

In her first issue, Mother complains that there is factually insufficient evidence to support the trial court's finding that termination of D.E.'s parental rights was in the best interest of I.D. Although Mother acknowledges that Section 161.204 authorizes the trial court to terminate the parental rights of a man based on an affidavit of waiver of interest in a child, she contends that it does not apply in this case because the trial court limited the trial to a conservatorship, rather than termination. Mother cites no authority in support of this contention. In addition, Mother argues that D.E.'s parental rights could not be terminated based solely on his assertion in the affidavit of waiver of interest that termination was in the best interest of the child. Rather, she argues, there must be additional evidence to support the best-interest finding. *See In re K.D.*,

---

[6]In the affidavit of waiver of interest, D.E. waived all interest in I.D., relinquished any parental rights he may have had, asked the court to terminate his parental rights, and acknowledged that termination of his parental rights was in the best interest of the child.

5

471 S.W.3d 147, 164 (Tex. App.—Texarkana 2015, no pet.) (holding that a similar statement in an affidavit of relinquishment of parental rights, while relevant to the best-interest finding, still requires the State to establish that termination is in the best interest of the child by clear and convincing evidence). Because, she argues, there was no other evidence that termination of D.E.'s parental rights was in the best interest of I.D., the evidence was factually insufficient to support the trial court's best-interest finding.

The Department contends that Mother does not have standing to complain about any alleged error in the termination of D.E.'s parental rights because any such error does not affect her rights. We agree. "Standing is implicit in the concept of subject-matter jurisdiction, which is never presumed and cannot be waived." *In re D.W.G.K.*, 558 S.W.3d 671, 677 (Tex. App.—Texarkana 2018, pet. denied) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993)). "A party 'may not complain of errors that do not injuriously affect it or that merely affect the rights of others.'" *Id.* at 678 (quoting *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000)). The termination of D.E.'s parental rights did not injuriously affect Mother's rights; it only affected the rights of D.E. and I.D. *See D.F. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00883-CV, 2017 WL 1315441, at *3 (Tex. App.—Austin Apr. 4, 2017, no pet.) (mem. op.) (finding mother did not have standing to challenge termination of father's parental rights); *In re D.C.*, 128 S.W.3d 707, 713 (Tex. App.—Fort Worth 2004, no pet.) (finding mother did not have standing to challenge termination of unknown father's parental rights).

In its final order, the trial court gave the Youngs, as sole managing conservators, the exclusive right to represent I.D. in legal actions and to make other legal decisions for the child. *See* TEX. FAM. CODE ANN. § 153.371(8) (Supp.) (listing rights of nonparent appointed as sole managing conservator to include "right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child"). Neither D.E. nor the Youngs, on behalf of I.D., have appealed the trial court's judgment. Nor has Mother explained how the termination of D.E.'s rights affected or injured her own.

Because Mother lacks standing to challenge the termination of D.E.'s parental rights, we overrule this issue.

## III. Disposition

For the reasons stated, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     October 5, 2022
Date Decided:      October 6, 2022

7